Lucanord JEAN, Petitioner,

v.

Michael B. MUKASEY, United States Attorney General,* Respondent.

No. 07–0005–AG.

United States Court of Appeals, Second Circuit.

Jan. 3, 2008.

Paulette Detiberiis, Kuba, Mundy & Associates, New York, N.Y., for Petitioner.

Kent W. Penhallurick, Assistant United States Attorney, for Gregory A. White, United States Attorney for the Northern District of Ohio, Cleveland, OH.

Present: GUIDO CALABRESI, ROBERT A. KATZMANN, and REENA RAGGI, Circuit Judges.

**SUMMARY ORDER**

**UPON DUE CONSIDERATION** of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby **ORDERED, ADJUDGED,** and **DECREED** that the petition for review is **DENIED.**

Petitioner Lucanord Jean, a native and citizen of Haiti, petitions for review of the December 5, 2006 decision of the BIA affirming the January 6, 2005 decision of Immigration Judge ("IJ") Vivienne Gordon–Uruakpa denying petitioner's application for withholding of removal and protection under the Convention Against Torture ("CAT"). *In re Lucanord Jean*, No. A73 229 361 (B.I.A. Dec. 5, 2006), *aff'g* No. A73 229 361 (Immig. Ct. N.Y. City Jan. 6, 2005). We assume the parties' familiarity with the facts of this case, its procedural posture, and the decision below.

Where, as here, the BIA adopts and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the IJ's factual findings under the substantial evidence standard, meaning that the IJ's findings must be upheld unless we conclude that a "reasonable adjudicator would be compelled to conclude to the contrary." *Tao Jiang v. Gonzales,* 500 F.3d 137, 140 (2d Cir.2007) (quoting 8 U.S.C. § 1252(b)(4)(B)). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005). We are particularly deferential to an IJ's assessment of demeanor. *Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 116–17 (2d Cir.2007). But even this deference is not unlimited. "When an IJ rejects an applicant's testimony, the IJ must provide 'specific, cogent' reasons for doing so. Those reasons must bear a legitimate nexus to the finding, and must be 'valid grounds' for disregarding an applicant's testimony." *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003) (internal citations omitted).

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as Respondent in this case.

Here, there were sufficient inconsistencies and gaps in Petitioner's story for the IJ to make an adverse credibility finding. For example, Petitioner's testimony before the IJ as to the clothing worn by—and therefore the identity of—his alleged assailants differed from the description contained in his 1994 asylum application. Likewise, Petitioner's testimony regarding his level of participation in Haitian political organizations differed from the account in his 1994 application. When one adds to these and other inconsistencies the fact that Petitioner remained in Haiti for some time after the alleged attack without incident and the fact that he subsequently returned for two extended visits without incident, a finding that Petitioner's allegations of persecution were not believable cannot be said to be manifestly erroneous. The petition for review is accordingly DENIED.